IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOANNE WORK | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY | : : | NO. 04-2565 |

O'NEILL, J.                                                                                          November 5, 2007

## MEMORANDUM

Before me now is Plaintiff's motion for an award of attorney fees and costs and defendant's response in opposition thereto. For the reasons set forth below plaintiff's motion will be denied.

## BACKGROUND

Plaintiff filed a complaint on June 14, 2004 under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq., claiming that defendant wrongfully terminated her long term disability benefits as a result of defendant's arbitrary and capricious determination that she was not "disabled" as defined by her employer's long term disability insurance policy. The parties filed cross motions for summary judgment. On November 15, 2005 I concluded that defendant's termination of plaintiff's benefits was not arbitrary and capricious. In accordance therewith I granted defendant's motion for summary judgment, entered judgment in favor of defendant, and denied plaintiff's motion for summary judgment. Plaintiff appealed. On August 31, 2007 the Court of Appeals reversed and held that defendant's decision to terminate plaintiff's disability benefits was arbitrary and capricious. The Court of Appeals held that defendant's determination contradicted the findings of plaintiff's treating physician and

1

also held that nothing in the record supported defendant's conclusion that plaintiff was able to work full-time.

Plaintiff presently moves for attorney fees and costs and asserts that she is entitled thereto because she is a prevailing party pursuant to ERISA § 502(g)(1), 29 U.S.C. § 1132(g)(1). In support of her position plaintiff argues that consideration of the relevant factors requires me to conclude that her attorney fees should be shifted to defendant. Defendant opposes plaintiff's requests and maintains that because there were no exceptional circumstances presented during the course of the litigation an award of attorney fees and costs is not warranted.

## DISCUSSION

A court may exercise it's discretion and award attorney fees to a prevailing party pursuant to ERISA § 502(g)(1). 29 U.S.C. § 502(g)(1). In order to determine whether an award should be made the court must first consider the following five factors:

> (1) the offending parties' culpability or bad faith;
> (2) the ability of the offending parties to satisfy an award of attorneys' fees;
> (3) the deterrent effect of an award of attorneys' fees;
> (4) the benefit conferred on members of the [] plan as a whole; and
> (5) the relative merits of the parties' position.

McPherson v. Employees' Pension Plan of American Re-Insurance Co., Inc., 33 F.3d 253, 254 (3d Cir. 1994) citing, Ursic v. Bethlehem Mines, 719 F.2d 670, 673 (3d Cir. 1983). There is no presumption that a successful plaintiff in an ERISA action should receive an award of attorney fees and costs unless there has been a showing of exceptional circumstances. McPherson, 33 F.3d at 254. After consideration I conclude that the factors do not weigh in favor of granting plaintiff's request for an award of attorney fees and costs.

Plaintiff correctly notes that the Court of Appeals held that defendant's decision was

arbitrary and capricious.  However, nothing in the record indicates that defendant acted in bad faith.  Defendant initially awarded plaintiff short term disability benefits.  Plaintiff's treating physician originally opined that plaintiff would be unable to work for a few months.  Defendant reviewed plaintiff's eligibility for continued benefits only after her initial period of expected disability expired.  Defendant reviewed and considered all medical records and reports plaintiff submitted prior to making its determination.  Plaintiff's treating physician eventually stated that plaintiff may be able to work on a part-time basis with frequent changes in position.  After considering all of the medical evidence available, defendant ultimately determined that plaintiff was able to return to work full-time.  Based on the foregoing I cannot conclude that defendant acted in bad faith when it terminated plaintiff's benefits.

In McPherson, the Court of Appeals explained that examination of the first factor cannot be limited to whether a party acted in bad faith.  I must also examine any culpability of the offending party.  See id., 33 F.3d at 257.  "A party is not culpable merely because it has taken a position that did not prevail in litigation." Id.  As the Court of Appeals recognized in Mcpherson a losing party may be culpable without having acted in bad faith or with an ulterior or sinister motive.  See, Id., 33 F.3d at 256.  Culpable conduct connotes conduct that is: blameable, censurable, at fault, involves a breach of legal duty, involves something more than simple negligence, or otherwise implies that the act or conduct is reprehensible or wrong, but not that it involves malice or a guilty purpose.  Id.  I do not find that defendant's conduct was sufficiently culpable to weigh in favor of an award of attorneys' fees and costs.

In McPherson the Court of Appeals determined that the employer acted with culpability.  In making this determination the Court of Appeals relied on the fact that members of the pension

3

committee misrepresented the pension plan's past experience with other applicants for the type of benefits plaintiff therein sought. Id., 33 F.3d at 257. The pension committee also repeatedly changed its rationale for rejecting the applicant's requests. Id. No analogous conduct occurred in the instant matter. The Court of Appeals determined that the report of defendant's reviewing physician was deficient because it did not adopt the recommendations of plaintiff's treating physician in total and also because there was no additional evidence in support of the recommendations made therein. Under the circumstances I do not conclude that defendant's actions were sufficiently culpable to warrant awarding attorney fees.

     The parties agree that defendant is able to pay reasonable attorney fees. Therefore the second factor weighs in favor of an award of attorneys' fees. The third factor I must consider is the deterrent effect of an award of attorney fees. In analyzing this factor I am required to assess whether it would serve the objectives of ERISA to award attorney fees in an effort to deter the type of conduct defendant for which defendant was held liable. Id., 33 F.3d at 258. I conclude that awarding attorney fees in this instance would not deter the conduct for which defendant was ultimately found liable. Defendant was not faulted for making misrepresentations nor procedural errors. Moreover, defendant did not act in bad faith. Instead defendant relied - albeit erroneously - on the report of its reviewing physician. Finally, in support of her position on this point plaintiff argues that should the court fail to shift the burden of attorney fees to defendant her hardship would be multiplied because her recovery would be reduced by the costs of litigation. This argument is unavailing and is also irrelevant to an examination of the deterrent effect for defendant. Plaintiff further maintains that the "limited" compensatory payments allowed under ERISA are no deterrent at all. In so arguing plaintiff fails to recognize that attorney fees are not

presumptively awarded in the absence of exceptional circumstances. <u>Id.</u>, 33 F.3d at 254 (citing <u>Ellison v. Shenango, Inc. v. Pension Bd</u>, 956 F.2d 1268, 1273 (3d. Cir. 1992). Considering the foregoing I find the potential deterrent effect of an award of attorneys' fees to be minimal. Accordingly this factors weighs against an award of attorney fees.

The fourth factor for my consideration is the benefit conferred on members of the plan as a whole. Plaintiff admits that this factor may be viewed as neutral and defendant effectively concurs with the neutrality of this factor. Therefore, I find that this factor neither weighs in favor of or against an award of attorneys fees.

The final factor I will consider is the relative merits of the parties' position. Plaintiff's claim was clearly meritorious as the Court of Appeals ruled in her favor and entered judgment on her behalf. Nevertheless, this factor does not weigh in favor of an award simply because defendant was not ultimately successful. <u>See</u>, <u>Mcpherson</u>, 33 F.3d at 258. The Court of Appeals held that defendant's decision was arbitrary and capricious because it was based upon the deficient report of its reviewing physician and also because there was no additional evidence to support the determination. Defendant's reliance on its physician's report does not indicate that its position was without merit. Instead defendant based its determination on its physician's report which was based, in part, on selected portions the report of plaintiff's treating physician. I conclude that defendant asserted a meritorious defense after it reviewed plaintiff's claim for benefits and the medical evidence in support thereof. Consequently, this factor does not weigh in favor of an award

After considering the relevant factors I find that plaintiff is not entitled to an award of attorney fees and costs. Because I have determined that plaintiff is not entitled to an award I will

not consider the reasonableness of the same.

      An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOANNE WORK | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY | : | NO. 04-2565 |
| | : | |

ORDER

AND NOW, this 5th day of November 2007, upon consideration of the plaintiff's motion for award of attorney fees and costs and defendant's reply thereto, and for the reasons set forth in the accompanying memorandum, it is ORDERED that plaintiff's motion for award of attorney fees and costs is DENIED.

                                              /s/ Thomas N. O'Neill, Jr

                                              THOMAS N. O'NEILL, JR., J.